# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**TRAVIS FAISON,** *Individually,*
*and on behalf of himself and*
*others similarly situated,*

Plaintiff,

v.                                            No._____

**VANGUARD SOAP, LLC**                         **FLSA Collective Action**
                                               **JURY DEMANDED**
Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Travis Faison ("Plaintiff"), individually, and on behalf of the proposed collective action, files this Collective Action Complaint against Vanguard Soap, LLC ("Defendant"), averring as follows:

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Defendant Vanguard Soap, LLC on behalf of all its current and former hourly-paid employees ("the putative class"). Plaintiff alleges he and the putative class were not paid all the overtime compensation due them in weeks in which they worked more than forty (40) hours during the three (3) years preceding the filing of this collective action lawsuit.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.* and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff was

1

employed by Defendant to perform work in this District, and Defendant has, and continues to, conduct business within this District during all relevant periods to this action. In addition, a substantial part of the events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this District.

## PARTIES

4. Defendant, Vanguard Soap, LLC, is a Tennessee Limited Liability Company with its principal offices located at 3084 S. Center Road, Memphis, TN 38109-2958. It is registered to do business in the State of Tennessee. It may be served with process via its Registered Agent: Jeffrey Breazeale, 3084 S. Center Road, Memphis, TN 38109-2958.

5. Plaintiff, Travis Faison, worked as an hourly-paid employee while employed by Defendant during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Faison's Consent to Join this collective action is attached hereto as *Exhibit A*.

## COVERAGE

6. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C, § 203(d) at all times material to this action.

7. Plaintiff and those similarly situated have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this collective action.

8. At all times material to this action, Defendant has been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA.

## FACTS

9. Defendant manufactures cleaning and personal care products at its facility located in Memphis, Tennessee

10. Plaintiff and those similarly situated class members worked more than forty (40) hours within weekly pay periods during all times material, entitling them to overtime compensation for all hours worked in excess of forty (40) during such periods.

11. Defendant has had a common plan, de facto policy, and practice of failing to compensate Plaintiff and those similarly situated for all the overtime compensation due them within weekly pay periods during all time material to this action by*:*

    (a) "Editing-out" compensable overtime compensation from their pay;

    (b) Failing to pay them overtime compensation for the "off the clock" work time they performed prior to the start of their respective shifts; and

    (c) Failing to include the non-discretionary bonuses they received into the calculation of their overtime pay.

12. As a consequence, Plaintiff and those similarly situated were not paid all the overtime compensation due them in weeks in which they worked in excess of forty (40) hours during all times material to this Complaint.

13. Defendant had actual as well as constructive knowledge of its failure to pay overtime compensation.

14. Nonetheless, Defendant took no action to rectify its failure to pay Plaintiff and those similarly situated all the overtime compensation due them.

15. Defendant willfully failed to compensate Plaintiff and those similarly situated at the applicable straight and overtime rates of pay, as required by the Act.

16. Defendant's failure to compensate Plaintiff and those similarly situated for all the overtime compensation due them was without a good faith basis.

17. Defendant's conduct in failing to compensate Plaintiff and those similarly situated for all

the overtime compensation due them was in reckless disregard to the overtime requirements of the FLSA.

18. As a result of Defendant's willful and lack of a good faith basis in failing to pay Plaintiff and those similarly situated in compliance with the overtime requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation, as well as other damages.

19. Plaintiff's and those similarly situated's claims are unified by common theories of Defendant's FLSA violations.

20. The net effect of Defendant's common plan, de facto policy, and actual practice of failing to pay Plaintiff and those similarly situated for all the overtime compensation due them was a means to save payroll costs and payroll taxes, all for which it has unjustly enriched itself and enjoyed ill gained profits at their expense.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other damages owed.

22. The proposed collective class of similarly situated persons is defined as:

    All hourly-paid employees who worked for Defendant within the state of Tennessee for at least one weekly pay period consisting of at least forty (40) hours during the three (3) years preceding the filing of this Complaint, up to and including the present. (Collectively, "the putative class").

23. Plaintiff and putative class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a centralized time keeping system that resulted in a failure to pay Plaintiff and class members for all the overtime compensation due them, as required by the FLSA.

24. Plaintiff and putative class members also are "similarly situated" in that Defendant engaged in a common plan, de facto policy, and practice of subjecting them to perform overtime work without being compensated for such work, and in receiving non-discretionary bonuses without being paid overtime compensation related to such bonuses.

25. In addition, this lawsuit is properly maintained as an FLSA collective action because the unpaid overtime compensation claims of Plaintiff and those similarly situated are unified by common theories of Defendant's FLSA violations.

26. Plaintiff requests this Court to authorize notice to the putative class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

27. Plaintiff estimates there are several hundred members of the putative class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

28. Considering the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice in all of Defendant's facilities.

29. Plaintiff and putative class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, timekeeping, personnel and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

30. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

31. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

32. Through its actions, policies, practices and plans, as previously described, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and putative class members for all their overtime hours.

33. The foregoing conduct violated the FLSA.

34. Defendant's conduct was willful with reckless disregard to the overtime provisions of the FLSA.

35. Defendant does not have a good faith basis for its conduct related to these claims.

36. The claims of Plaintiff and putative class members are unified by common theories of Defendant's FLSA violations.

37. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and putative class members have suffered and will continue to suffer a loss of income and other damages.

38. Therefore, Defendant is liable to Plaintiff and putative class members for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and putative class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and putative class all unpaid overtime wages at the applicable overtime rate of pay against Defendant;

b) Award Plaintiff and putative class an amount equal to their unpaid back wages against Defendant;

c) Find and declare that Defendant's violations of the FLSA were willful and, accordingly, apply the three (3) year statute of limitations under the FLSA to this action;

d) Award Plaintiff and putative class liquidated damages in accordance with the FLSA;

e) Award prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

g) Award post-judgment interest and court costs as allowed by law;

h) Enter an Order designating this action as an opt-in collective action under the FLSA;

i) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

j) Allow Plaintiff to amend the Complaint, if necessary, as new facts are discovered;

k) Provide additional general and equitable relief to which Plaintiff and putative class members may be entitled; and

l) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

Dated: July 26, 2022.                               Respectfully submitted,

*s/ J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
 **JACKSON, SHIELDS, YEISER, HOLT, OWEN AND BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED CURRENT AND FORMER EMPLOYEES***